IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § *Plaintiff,* § § v. § § 1.2215 ACRES OF LAND, MORE OR § LESS, SITUATE IN HIDALGO COUNTY, § STATE OF TEXAS; AND CARLOS § GARZA, *ET AL.*, § § *Defendants.* § | CASE NO. 7:20-CV-086 |

### UNOPPOSED MOTION TO ADD AND DISMISS PARTIES

The Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Texas (herein "United States"), moves to add Phillips 66 Pipeline, LLC, Hidalgo County Irrigation District No. 16, and Agua Special Utility District as Defendants in this matter pursuant to Federal Rule of Civil Procedure 71.1(c)(3), and to dismiss Defendants Continental Pipeline Company, United Irrigation, and La Joya Water Supply Corporation pursuant to Federal Rule of Civil Procedure 71.1(i)(2).

1. On March 30, 2020, the United States filed its Declaration of Taking and Complaint in Condemnation (Dkt. Nos. 1-2) in this cause for the taking of a perpetual tower easement in Tract RGV-MCS-T10133E, a perpetual road and utility easement in Tract RGV-MCS-T1033E-1, and a temporary work area easement in Tract RGV-MCS-T1033E-2; being a total of 1.2215 acres, more or less, out of a 158.42 acre tract located in the Joaquin Ysidoro Ponce Survey, Abstract Number 69, Porcion 47 in Hidalgo County, Texas (herein "parent tract"); all as more particularly described

in the Complaint and Declaration of Taking filed in this matter (herein Tracts RGV-MCS-T1033E, RGV-MCS-T1033E-1, and RGV-MCS-T1033E-2 are referred to as the "subject property").

2. On March 31, 2020, the United States deposited into the registry of the Court its estimated just compensation in the amount of $17,900.00 (Dkt. No. 5), at which time pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114, title to the subject property passed to the United States by operation of law (herein "date of take").

3. After the filing of this cause, Phillips 66 Pipeline, LLC informed the United States that it should be named as the correct party in interest for Continental Pipeline Company based on the following:

    a. On June 22, 1929, Marland Oil Company became Continental Pipeline Company. *See* Ex. 1 (Unsworn Declaration Under Penalty of Perjury of James Paul Journeycake "Decl. of J. Journeycake"), at ¶ 4. Continental Pipeline Company acquired a right of way over a portion of the subject property by Right of Way Contract recorded in Volume 760, Page 75, of the Deed Records of Hidalgo County on November 29, 1952. *See* Ex. 2 (Right of Way Contract, Document # 1952-18619).

    b. On July 1, 1979, Continental Pipeline Company became Conoco Inc., which merged into DuPont Holdings, Inc. on September 30, 1981, but continued to be incorporated as Conoco Inc. *See* Ex. 1 (Decl. of J. Journeycake), at ¶ 4. On December 31, 2002, Conoco Inc. merged with Phillips Petroleum Company to become ConocoPhillips Company. *Id*. at ¶ 5. On or about May 1, 2012, ConocoPhillips Company assigned certain assets, rights, and liability to a newly formed downstream company identified as Phillips 66 Pipeline, LLC. *Id*.

        ConocoPhillips Company and Phillips 66 Pipeline, LLC are now completely separate publicly traded companies, with Phillips 66 Pipeline, LLC maintaining the interest formerly held by Continental Pipeline Company. *Id*. at ¶ 6.

    c. Accordingly, Continental Pipeline Company should be dismissed as a party because it was improperly joined in this action, and Phillips 66 Pipeline, LLC should be added as the proper interested party with a potential claim in this condemnation action.

4. Also after the filing of this action, Hidalgo County Irrigation District No. 16 informed the United States that it should be named as the correct party in interest for United Irrigation based on the following:

    a. *Hidalgo County Water Control & Improvement District No. 16* originally acquired an easement on a portion of the subject property by Pump Site and Pipeline and Drain Easement recorded in Volume 810, Page 40, of the Deed Records of Hidalgo County on October 21, 1954. *See* Ex. 3, (Easement, Document # 1954-13878).

    b. After conducting research and contacting United Irrigation, the United States was incorrectly informed that it was the proper party in interest for *Hidalgo County Water Control & Improvement District No. 16*. After filing of this action, however, Hidalgo County Irrigation District No. 16 informed the United States that any interest held by *Hidalgo County Water Control & Improvement District No. 16* was now held by Hidalgo County Irrigation District No. 16 pursuant to a resolution from March 25, 1982, in which *Hidalgo County Water Control & Improvement District No. 16* was converted into the Hidalgo County

        Irrigation District No. 16. *See* Ex. 4 (Hidalgo County Water Control and Improvement District No. 16 Board of Directors Meeting and Resolution).

   c. Hidalgo County Irrigation District No. 16 further informed the United States that United Irrigation is a separate entity from Hidalgo County Irrigation District No. 16, and the only relation between the two stems from a management agreement by which employees of United Irrigation provide services to Hidalgo County Irrigation District No. 16.

   d. Accordingly, Hidalgo County Irrigation District No. 16 continues to maintain the easement interest originally acquired by *Hidalgo County Water Control & Improvement District No. 16*. *Hidalgo County Water Control & Improvement District No. 16* should therefore be dismissed as a party because it was improperly joined in this action, and Hidalgo County Irrigation District No. 16 should be added as the proper interested party with a potential claim in this condemnation action.

5. Further, additional information received after the filing of this action shows that Agua Special Utility District should be named as the correct party in interest for La Joya Water Supply Corporation based on the following:

   a. La Joya Water Supply Corporation acquired a right of way over a portion of the subject property by Right of Way Easement recorded in Volume 1145, Page 445, of the Deed Records of Hidalgo County on April 22, 1966. *See* Ex. 5 (Right of Way Easement, Document # 1966-7550).

   b. After filing this action, the United States received additional documentation showing that all of La Joya Water Supply Corporation's assets, debts, and

      contractual rights and obligations were transferred to Agua Special Utility District on or after September 8, 2008. *See* Ex. 6 (Order Closing Receivership, Cause No. C-848-05-1), at pg. 3 ¶ 4. La Joy Water Supply Corporation was subsequently dissolved at the completion of the transfer. *See id.*

  c. Accordingly, La Joya Water Supply Corporation should be dismissed as a party because it was improperly joined in this action, and Agua Special Utility District should be added as the proper interested party with a potential claim in this condemnation action.

6. Rule 71.1(c)(3) of the Federal Rules of Civil Procedure provides that ". .. Before any hearing on compensation, the Plaintiff must add as Defendants all those persons who have or claim an interest and whose names have become known or can be found by a reasonably diligent search of the records, considering both the property's character and value and the interests to be acquired . . ."

7. Rule 71.1(i)(2) of the Federal Rules of Civil Procedure provides that "[t]he court may at any time dismiss a defendant who was unnecessarily or improperly joined."

## CONCLUSION

WHEREFORE, the United States respectfully requests this Court grant its Unopposed Motion to Add and Dismiss Parties, and enter an order dismissing Defendants Continental Pipeline Company, United Irrigation, and La Joya Water Supply Corporation, and adding Phillips 66 Pipeline, LLC, Hidalgo County Irrigation District No. 16, and Agua Special Utility District as Defendants in this matter so that their interests, if any, in the proceeds of this land condemnation may be properly determined. Should the Court grant this motion, the United States will file an

Amended Schedule "G", and serve Notice on the added parties as required under Federal Rule of Civil Procedure 71.1.

DATED: July 8, 2020.

## CERTIFICATE OF CONFERENCE

From June 30, 2020 to July 7, 2020, the undersigned Assistant United States Attorney conferred with all Defendants in this action by telephone, and all Defendants are unopposed to the filing of this motion.

    Respectfully submitted,

    **RYAN K. PATRICK**
    United States Attorney
    Southern District of Texas

By:   *s/ Roland D. Ramos*
    **ROLAND D. RAMOS**
    Assistant United States Attorney
    Southern District of Texas No. 3458120
    Texas Bar No. 24096362
    1701 W. Bus. Highway 83, Suite 600
    McAllen, TX 78501
    Telephone: (956) 618-8010
    Facsimile: (956) 618-8016
    E-mail: Roland.Ramos@usdoj.gov
    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Roland D. Ramos, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on this 8th day of July, 2020, a copy of the foregoing was served on all parties in accordance with the Federal Rules of Civil Procedure.

By:   *s/ Roland D. Ramos*
    **ROLAND D. RAMOS**
    Assistant United States Attorney