UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § CIVIL ACTION NO. 7:20-cv-00086 | |
| 1.2215 ACRES OF LAND, more or less, in § | |
| HIDALGO COUNTY, TEXAS; and § | |
| CARLOS GARZA, et al. § | |
| § | |
| Defendants. § | |

## **ORDER**

The Court now considers the "United States of America's Unopposed Motion for Leave of Court to File Disclaimer for the Garza Family Living Trust"[1] and the parties' "Joint Motion to Modify First Amended Scheduling Order Deadlines."[2]

### I. DISCLAIMER

Under the current scheduling order, the parties' "[d]eadline to file all documentation adding, substituting, disclaiming, or dismissing interested parties" was January 29, 2021.[3] But on "March 22, 2021, the United States received a fully executed Disclaimer for the Garza Family Living Trust, which was originally named as a party in this action."[4] Therefore, the United States requests the Court permit it to file a late disclaimer because Defendant Garza Family Living Trust did not execute and deliver the disclaimer until after it retained counsel and corresponded with the United States to determine it lacked an interest.[5]

---

[1] Dkt. No. 57.
[2] Dkt. No. 56.
[3] Dkt. No. 42 at 3.
[4] Dkt. No. 57 at 3, ¶ 7.
[5] *Id.* ¶ 9.

The Court may extend the time to act after a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect."[6] "[D]istrict courts have 'broad discretion' to extend filing deadlines."[7] Relevant factors include: "(1) 'the possibility of prejudice to the other parties,' (2) 'the length of the applicant's delay and its impact on the proceeding,' (3) 'the reason for the delay and whether it was within the control of the movant,' and (4) 'whether the movant has acted in good faith.'"[8] "'[E]xcusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[9] "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the [district] court's discretion whether to grant any motion to extend time under Rule 6(b)."[10]

The Court finds that the United States has demonstrated excusable neglect. Despite the United States' efforts, whether Defendant Garza Family Living Trust executes a disclaimer is entirely within that Defendant's control. Accordingly, the Court **GRANTS** the United States' motion[11] and request that the disclaimer and proposed order be deemed filed on the Court's docket.

The Court now considers the "Disclaimer for the Garza Family Living Trust."[12] In the disclaimer, Defendant Garza Family Living Trust "disclaims any right, title, claim or interest" in

---

[6] FED. R. CIV. P. 6(b)(1)(B).
[7] *Neurology & Neurophysiology Assocs., P.A. v. Tarbox*, 628 F. App'x 248, 251 (5th Cir. 2015) (quoting *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995)).
[8] *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (quoting 4B ADAM N. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed.)).
[9] *DaSilva v. U.S. Citizenship & Immigration Servs.*, 599 F. App'x 535, 544 (5th Cir. 2014) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. LP*, 507 U.S. 380, 392 (1993)).
[10] *Porto Castelo, Inc. v. BP Expl. & Prod.*, 716 F. App'x 373, 374 (5th Cir. 2018) (alteration in original) (quotation omitted).
[11] Dkt. No. 57.
[12] Dkt. No. 57-1.

the property that is the subject of this eminent domain proceeding, disclaims any right to just compensation to be paid for the subject property, and requests to be dismissed from this action.[13]

Under Federal Rule of Civil Procedure 71.1(i)(2), the Court may at any time dismiss an unnecessarily or improperly joined Defendant, or any Defendant that has no interest in the property to be condemned.[14] The Court reviewed the disclaimer and finds it to be duly executed. The Court thus finds good cause for dismissing the disclaimed Defendant from this case and accordingly **DISMISSES** Defendant Garza Family Living Trust from this case and instructs the Clerk of the Court to terminate this Defendant as a party to this case.

The Court now turns to the parties' "Joint Motion to Modify First Amended Scheduling Order Deadlines."[15]

## II. SCHEDULING ORDER

This case commenced in March 2020.[16] In June 2020, the parties represented in their joint discovery/case management plan "that the parties had reached an agreement on just compensation through a fully executed Offer to Sell, and therefore discovery to resolve just compensation would not be necessary."[17] The Court therefore issued an abbreviated scheduling order,[18] which the Court revised in November in light of "pending probate matters" and Defendants' intention to challenge the agreement regarding just compensation.[19]

The parties now represent that Defendants have retained a certified appraiser who disputes the United States' valuation, so "Defendants foresee that they will need full discovery

---

[13] *Id.* at 1.
[14] FED. R. CIV. P. 71.1(i)(2); *see id.* advisory committee's note to 1951 amendment ("[T]he court may at any time drop a defendant who has been unnecessarily or improperly joined as where it develops that he has no interest.").
[15] Dkt. No. 56.
[16] Dkt. No. 1.
[17] Dkt. No. 56 at 2, ¶ 2.
[18] Dkt. No. 21.
[19] Dkt. No. 42.

and expert depositions to properly prepare this case for trial."[20] Because Defendants are evaluating the value of the property, settlement negotiations have stalled, and the parties agree that discovery will be necessary to resolve this case.[21] The parties request a full discovery schedule and estimate that discovery may be completed in six months.[22]

Federal Rule of Civil Procedure 16(b)(4) governs modifying a scheduling order. Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.'"[23] "No single factor is dispositive, nor must all the factors be present."[24] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[25]

The Court finds good cause in the parties' joint request. The Court finds that the explanations for the need for delay are sufficient, that the extension is important to enable adequate time for discovery and negotiation in this case, and that neither party is prejudiced by the extension because the request is joint and there is no obvious prejudice caused by the contemplated delay. Accordingly, the Court **GRANTS** the joint motion to modify the First

---

[20] Dkt. No. 56 at 3, ¶ 5.b.
[21] *Id.* ¶ 5.
[22] *Id.* at 3–4, ¶ 6.
[23] *Springboards To Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (alterations in original) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)).
[24] *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010).
[25] *S&W Enters. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)).

Amended Scheduling Order.[26] The Court enters the following schedule pursuant to Federal Rule of Civil Procedure 16(b). The following actions shall be completed by the dates indicated:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline for all parties to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | July 23, 2021 |
| Deadline for all parties to designate rebuttal expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | August 23, 2021 |
| Discovery deadline. Counsel may by agreement continue conducting discovery beyond the deadline, but no extension will be granted because of information acquired in post-deadline discovery.[27] | September 22, 2021 |
| Deadline to notify the Court whether the parties (1) consent to the Court deciding the issue of just compensation upon briefs and evidence submitted therewith or (2) request an evidentiary hearing on the issue of just compensation.<br><br>N.B.[28]: Parties may request a jury trial or a special commission[29] or consent to a bench trial. There is no right to jury trial.[30] | October 6, 2021 |
| Deadline to file briefs and submit evidence (or anticipated evidence if an evidentiary hearing is requested) on the issue of just compensation.<br><br>N.B.: The Court will conduct a preliminary screening of the briefs and anticipated | November 5, 2021 |

---

[26] Dkt. No. 56.
[27] *See* FED. R. CIV. P. 29(b). The parties have Court approval to stipulate to discovery extensions with the indicated limitation. The parties may not modify deadlines to accomplish Court filings without Court approval. Discovery is generally not filed. *See* LR5.4, LR26.1.
[28] *See N.B.*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("Note well; take notice — used in documents to call attention to something important.").
[29] FED. R. CIV. P. 71.1(h).
[30] *Ga. Power Co. v. 138.30 Acres of Land*, 596 F.2d 644, 647 (5th Cir. 1979), *aff'd sub nom. Ga. Power Co. v. Sanders*, 617 F.2d 1112, 1113 (5th Cir. 1980) (en banc).

| | |
|---|---|
| evidence submitted to determine whether the evidence is sufficient to order a jury trial if one is requested.[31] | |
| Deadline to file all pretrial motions, including any dispositive motions, except motions in limine which shall be filed with the Joint Pretrial Order. | December 6, 2021 |
| Deadline to file joint pretrial order, motions in limine, and proposed jury instructions (or proposed findings of fact & conclusions of law).[32] | January 7, 2022 |
| Final pretrial conference and trial scheduling, unless the parties elected for the Court to decide the issue of just compensation upon the briefs and evidence submitted therewith, in which case the conference is automatically cancelled. | February 22, 2022, at 9:00 a.m. |

This scheduling order supersedes any earlier schedule, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[33] All other deadlines not specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 25th day of March 2021.

                                                    Micaela Alvarez
                                        United States District Judge

---

[31] *See United States v. 320.0 Acres of Land, More or Less in Monroe Cty.*, 605 F.2d 762, 819–20 (5th Cir. 1979); *United States v. 33.92356 Acres of Land, More or Less, in Vega Baja*, 585 F.3d 1, 8 (1st Cir. 2009) (citing *320.0 Acres*, 605 F.2d at 815) ("While the jury tries issues of valuation, the trial judge must screen the proffered best and highest uses . . . .").

[32] The Joint Pretrial Order must be in accordance with Appendix B of the Local Rules for the Southern District of Texas and must include the disclosures required by Federal Rule of Civil Procedure 26(a)(3).

[33] *See* FED. R. CIV. P. 16(b)(4); 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1998 & Supp. Oct. 2020).